**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Equal Employment Opportunity Commission, Civil No. 00-2230 (DWF/AJB)

Plaintiff,

v. **ORDER**

IFP, Inc.,

Defendant.

---

Laurie A. Vasicheck, Esq., Equal Employment Opportunity Commission, 330 South Second Avenue, Suite 430, Minneapolis, MN 55401-2224, appeared on behalf of Plaintiff.

Frederick E. Finch, Esq., Bassford, Lockhart, Turesdell & Briggs, 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, appeared on behalf of Defendant.

---

The above-entitled matter came on for hearing on December 15, 2000, before the undersigned United States District Court Judge for final approval of a Consent Decree between the above-named parties.

The matter was previously before the Court upon the joint motion of the parties for the preliminary approval of an entry of a Consent Decree providing monetary relief and a permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Preliminary approval was granted by the Court on October 10, 2000. The Order for Consent Decree is attached hereto as Appendix A.

No objections have been received by the Court to the preliminarily approved Consent Decree.

FILED DEC 18 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

Based upon the presentations of counsel and the Court having reviewed the Consent Decree and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The Consent Decree is finally approved. The Court finds that the relief afforded pursuant to the Consent Decree is fair, adequate, reasonable, lawful, and not contrary to public policy.

Dated: December 18, 2000

DONOVAN W. FRANK
Judge of United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Equal Employment Opportunity Commission,

Plaintiff,

vs.

IFP, Inc., a Minnesota corporation,

Defendant.

Civil Action No. 00-CV-2230 (DWF/AJB)

**ORDER FOR CONSENT DECREE**

Laurie A. Vasichek, Esq., Equal Employment Opportunity Commission, 330 Second Avenue South, Suite 430, Minneapolis, MN 55401, for plaintiff.

Frederick E. Finch, Esq., Bassford, Lockhart, Truesdell & Briggs, P.A., 33 South Sixth Street, Suite 3550, Minneapolis, Minnesota, for defendant.

**Introduction**

This matter comes before the Court upon the joint motion of the parties for the preliminary approval of an entry of a Consent Decree providing monetary relief and a permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on September 29, 2000, pursuant to Title VII of the Civil Rights Act of 1964. The EEOC's complaint alleged that IFP, had subjected Andres Corleto, Luis Medrano, Zulema Nieves, Joselino Teletor, Mayra Almaguer, Gabriela DeLa Torre, Ruth Ann Garcia, Letitia G. Nieves, Alba Tclctor, Rosaura I. Bocanegra, Rudolfo Flores, Israel Salazar and a class of similarly situated persons to a hostile work environment based on their national origin and race at its facility in Faribault, Minnesota. IFP denies the EEOC's allegations and the parties have agreed that nothing in this Order shall be deemed to be an admission of wrongdoing or liability.

The EEOC and IFP have agreed to settle these claims in order to reach a resolution of the

Appendix A

5

FILED OCT 10 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

lawsuit. There have been no judicial findings or determinations relating to the EEOC's claims, or IFP's defenses to them. The EEOC and IFP have stipulated that the terms of this Order are fair and will produce a just resolution of the claims.

**Monetary Payments to Employee Class Members**

1. "Class" means all persons who worked at IFP, Inc. at Faribault, MN from September 1, 1997 through July 31, 1999, whose primary language is Spanish. It includes temporary employees who were on payroll of Express Personnel, Inc., a contractor which provided employees to IFP.

2. "Class member" means a person who is a member of the class.

3. IFP has agreed to pay the following sums to class members in full satisfaction of claims set out in the Complaint in this action.

A. Class members who worked at IFP for more than one day but less than thirty days shall be paid the sum of one thousand dollars ($1,000.00) under the procedure set out below.

B. Class members who worked at IFP for more than twenty-nine days, but less than ninety days shall be paid the sum of one thousand six hundred dollars ($1,600.00) under the procedure set out below.

C. Class members who worked at IFP for more than 89 days shall be paid the sum of two thousand six hundred dollars ($2,600.00) under the procedure set out below.

4. Within ten days of the final entry of this Order, IFP shall furnish the EEOC with the names and last known addresses of each class member as shown in its personnel records. Within ten days of receipt of the names and addresses of class members, the EEOC shall mail to each class member a letter written in English and Spanish advising them of the resolution of this suit and their entitlement to a payment under the terms of this Order. The EEOC shall enclose a copy of the release attached as Exhibit 1, in both English and Spanish. The EEOC letter shall advise the Class

Member that he or she must execute and return the release within 21 days to receive a payment under this Order. If any letter to a Class Member is returned as undeliverable, the EEOC will have thirty days to obtain an alternative address for the class member, and attempt to re-deliver the letter and its contents. IFP shall cooperate in the EEOC's efforts to locate the Class Member, including, without limitation providing the EEOC with access to its personnel file on the class member. Any Class Member receiving notification only through this second. effort shall, receive 21 days from receipt of the letter to execute and return the release attached as Exhibit A.

5. Within seven days after the expiration of the successive 21 day periods for the return of the signed releases, the EEOC shall provide IFP with the names and last known addresses of each Class member who has returned a signed release. IFP shall, within ten days thereafter, furnish the EEOC with settlement checks payable to each class member who has returned a signed release.

6. IFP shall prepare Internal Revenue Service form 1099-misc. covering the settlement payments and shall mail them to the last known address of each class member receiving a payment as required by law. Neither the EEOC nor IFP make any representation, nor assume any responsibility, for any tax liability that the Class Members may incur under local, state, or federal laws by reason of the funds paid under this Order.

7. IFP and the individual charging parties who are identified in the introduction to this order have entered into a separate settlement of their claims and they shall not be deemed to be Class Members entitled to payments under this Order.

**Affirmative Relief**

IFP is hereby enjoined as follows:

8. IFP shall not adopt, enforce or maintain a policy restricting employees from speaking languages other than English in its facilities during non-working times and in non-working areas of

the facility. This means that employees can speak any language during breaks, lunch periods, and other times when employees are not engaged in communications related to joint or coordinated work activities, as set forth in paragraph 9, below.

9. IFP shall permit employees to speak any language in the workplace when not engaged in joint or coordinated activities where a common language may be required by business necessity. When engaged in joint or coordinated activities, and when employees must be able to communicate in order to coordinate their activities or alert others to safety or quality problems, IFP may require employees to try to speak the language that will be understood by all employees engaged in the common work activities. This policy must be communicated in writing to all employees in English and Spanish. The worker/management committee established in conformity to paragraph 11, below, shall consider communication problems which arise in the workplace and shall recommend procedures which encourage useful communication without unnecessarily interfering with employee's ability to communicate in a language of their choice.

10. Within 30 days of the date of this Order, IFP shall modify its probationary period so that all entry-level hires will become regular employees after a ninety-day probationary period, unless earlier terminated by voluntary resignation, misconduct, poor attendance or substandard performance. IFP shall provide a written performance evaluation to each employee upon completion of the probationary period which includes a statement of the reasons, if any, why the employee is not being retained. Upon request, the performance evaluation shall be translated where necessary for the affected employee to understand the review. No employee shall be denied regular status after the probationary period due to lack of English proficiency unless English proficiency is required by the essential duties of the position and business necessity. IFP shall notify the EEOC within ten working days if an employee is terminated because of lack of English proficiency and shall furnish

a statement of the reasons why the proficiency standard is job-related and required by business necessity. At least annually IFP shall supply the worker-management committee established by paragraph 11 with a statement of the national origin and sex of all employees hired for factory positions within the preceding year who were not made regular employees following the probationary period.

11. IFP shall establish, within 120 days of the date of this Order, a voluntary worker-management committee to discuss problems of Hispanic workers and means of resolving impediments to successful integration of Hispanic workers into the workforce. The committee will consist of Hispanic and non-Hispanic employees and supervisors, selected by IFP management from among employees nominated by the groups participating. The committee must meet at least quarterly and will serve as a sounding board whereby the parties can mutually discuss work-related problems and propose solutions.

12. Within 30 days of this Order, IFP shall notify all employees in writing that any previous policy concerning the use of English or other languages in the workplace has been withdrawn and that the policies set forth herein are the only policies about such use which are effective. Within ninety days of this Order, all policy manuals, employee handbooks or pamphlets distributed to employees or potential employees shall be revised to incorporate this provision.

13. IFP shall continue, at its expense, so long as there is sufficient employee participation to satisfy the requirements of the Faribault Public Schools, its existing English classes for persons whose primary language is not English. Participation in the classes shall be open to all employees whose primary language is not English, without charge. The classes shall place special emphasis on developing English language skills used in the workplace and in understanding employer policies and benefits.

14. IFP shall reimburse supervisors and human resources employees for Spanish language classes which provide substantial content related to workplace communication. IFP shall actively encourage managers and supervisors to participate in such classes by recognizing such participation in its annual performance review process.

15. IFP represents that it has posted the EEOC's poster entitled "La Igualdad De Oportunidades De Empleo Es La Ley" on all bulletin boards where notices to employees are customarily posted and shall continue to do so for the term of the injunction.

16. Beginning within 90 days of this Order, IFP shall provide annual in-service training for all Faribault employees on diversity and working with people of other cultures. The training shall be performed by qualified outside professionals. IFP shall notify the EEOC of the identity of trainers and provide an opportunity to review the training materials at least 14 days in advance of the training. IFP shall consider any corrections or modifications submitted by the EEOC and shall consider trainers suggested by the EEOC. Attendance of all employees shall be required and documented.

17. IFP shall purge all employee personnel files of disciplinary warnings or records which arose out of or are related to speaking languages other than English.

18. IFP shall modify its harassment policy to make it clear that harassment of employees based upon race and national origin is forbidden by the policy. The policy will include in-service training for all employees on harassment, including a component directed to preventing workplace harassment based upon national origin. The training will be performed by qualified outside professionals. IFP shall notify the EEOC of the identity of trainers and provide an opportunity to review the training materials at least 14 days in advance of the training. IFP will consider any corrections or modifications submitted by the EEOC and will consider trainers suggested by the

EEOC. Attendance of all employees shall be required and documented.

19. IFP's Chief Executive Officer shall provide all employees with a written memorandum affirming the Company's commitment to treating all employees with respect and dignity, regardless of background and national origin.

20. IFP shall translate its employee handbook into Spanish as soon as revisions, which provide a revised schedule of employee benefits, are completed, but no later than December 31, 2000. IFP shall also ask the providers of its benefits plans to provide Spanish translations of plan and plan administration documents.

21. IFP shall post a notice to employees advising them of the terms of the injunction and of their rights under Title VII. The EEOC notice to employees will remain posted for 60 days. The EEOC will provide a copy of the notice to IFP in advance of issuance to provide for review and comment.

22. This Injunction shall remain in full force and effect for a period of thirty (30) months from the date hereof. Thereafter, it shall be dissolved without further order of the Court.

**COURT APPROVAL**

24. The EEOC and IFP stipulate that the relief afforded under this Decree fully, fairly, and adequately addresses the claims against IFP. A hearing to determine whether the Decree should be approved by the Court shall be held before the Court.

25. Upon entry by the Court of the Order Provisionally Approving Consent Decree, the parties shall request a date certain for the fairness hearing and final approval of this Consent Decree.

26. Within working ten days after entry of the Order Provisionally Approving Consent Decree, IFP shall provide the EEOC with the names and last known addresses of the class members. Within ten working days thereafter, the EEOC shall notify the class members by certified mail of

the settlement, inform each of the distribution to which they would be entitled under the settlement, and provide them with a copy of the release. The EEOC's notification to the class members will be translated into Spanish.

27. Each class member shall be provided with an opportunity to object to the proposed settlement. At the fairness hearing, any class member can appear and show cause, if he or she has any, why the Court should not enter an Order approving the Decree. Provided, however, that such objection must be made in writing, and no such person shall be heard and no objection, papers, or briefs submitted by such person shall be received and considered by the Court (except as the Court in its discretion shall otherwise direct) unless written objections, papers and briefs are filed by the Clerk of Court, with copies to EEOC and IFP counsel, no later than seven (7) days prior to the hearing. The EEOC and IFP shall take all necessary steps prior to the hearing to arrange for the Court to provide a Spanish-speaking translator in the event that any objections are filed.

28. In the event that the Court rejects any of the provisions of the Decree deemed by EEOC or IFP as material, either party may declare the entire Decree null and void.

STIPULATED TO BY:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: Sept. 18, 2000

Laurie A. Vasichek
Senior Trial Attorney
Reg. No. 171438

330 2nd Ave. S., Suite 430
Minneapolis, MN 55419
(612) 335-4061

IFP, INC.

Dated: 10-2-2000

By [signature]

Its CHIEF EXECUTIVE OFFICER

BASSFORD, LOCKHART, TRUESDELL & BRIGGS

Dated: 10-3-2000

By [signature]

Frederick E. Finch
Attorneys for Defendant
Reg. No. 29191

330 South Sixth Street, Suite 3550
Minneapolis, MN 55402
(612) 333-3000

The above provisions are preliminarily approved.

Dated: October 10, 2000

[signature]

Judge of District Court

A fairness hearing having been held on December 15, 2000, and the relief afforded under this Decree having been found to fully, fairly, and adequately address the claims against IFP, the Decree is finally approved.

SO ORDERED.

Dated: December 15, 2000

DONOVAN W. FRANK
Judge of United States District Court

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

Civil Action No.__________

v.

**RELEASE**

IFP, Inc., f/k/a Innovative Food Processors,

Defendant.

This Release of Claims ("Release") is made and entered into this ___________ day of __________________, 2000, by ____________, Social Security Number __________________, ("Claimant"), and IFP, Inc..

1. For and in consideration of a monetary award pursuant to the Consent Decree in EEOC v. IFP, Inc., __________, Claimant on behalf of herself/himself, his/her heirs, agents and assigns, hereby fully, finally, and unconditionally releases IFP, and its officers, assigns and successors, from any and all claims for national origin discrimination for the period of September 1, 1997

through July 31, 1999, based upon:

a. IFP enforcing a rule that only English be spoken in the work place;

b. IFP applying different standards for completing probation and becoming regular employees based upon English language skills;

c. IFP requiring longer probation based upon English language skills;

d. IFP applying different criteria for promotions based upon English language usage; and

e. IFP harassing and spying on employees for using Spanish in the work place.

2. The money the Claimant will receive under the Consent Decree is full, fair and complete payment for the release of all such claims by the Claimant. The Claimant agrees that the only consideration for signing this Release is the terms stated above and that no other promise or agreement of any kind has been made to or with the Claimant by any other person or entity to cause the Claimant to execute this Release.

3. By signing this Release, the Claimant acknowledges that she has carefully read this Release and understands all its terms. The Claimant acknowledges that before signing this Release, Claimant was given sufficient time to review it with persons of Claimant's choosing, including an attorney, and that the Claimant

has signed this Release knowingly and voluntarily.

Under penalty of perjury, I state that I am the person identified in this Release as the Claimant, and that my signature signifies acceptance of all the terms and conditions of this Release, effective the date of signature.

Dated: ______________________________

Claimant